UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| GOOD OMEN BOTTLING, LLC<br>228 Justin Drive<br>Cottonwood, Arizona  86326<br><br>            Plaintiff,<br><br>    v.<br><br>MOBTOWN FERMENTATION LLC,<br>3501 Ash Street<br>Baltimore, Maryland  21211<br><br>            Defendant. | Civil Action No.<br><br>Complaint for Trademark Infringement<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff Good Omen Bottling, LLC (hereinafter "Good Omen") alleges as follows.

### PARTIES

1. Good Omen is an Arizona limited liability company having a principal business address at 228 Justin Drive, Cottonwood, Arizona, 86326.

2. Upon information and belief, Mobtown Fermentation, LLC ("hereinafter "Mobtown") is a limited liability company having an address at 3501 Ash Street, Baltimore, Maryland, 21211.

### JURISDICTION AND VENUE

3. This action arises under the federal trademark laws, 15 U.S.C. §1051 et seq. This Court has jurisdiction under 28 U.S.C. §1331 and §1338.

4. This Court has personal jurisdiction over Mobtown because Mobtown has a principal place of business within this district, and Mobtown further sells its goods under the offending WILD KOMBUCHA mark within this district.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**FACTUAL ALLEGATIONS**

6.      Good Omen is the owner of federal trademark Registration No. 4918257 for the mark WILD TONIC for use with kombucha, filed July 7, 2015 and registered March 15, 2016.

7.      Good Omen also owns Registration No. 4842234 for the mark WILD TONIC for use with "vitamin fortified beverages; nutritional supplements in the nature of probiotic drinks; dietary supplemental health drinks in the nature of vitamin and mineral beverages," filed June 16, 2014 and registered October 27, 2014.

8.      The "probiotic drinks" in Good Omen's Registration No. 4842234 are kombucha beverages. Indeed, the specimen accompanying the statement of use clearly indicates as much, as reproduced below.



9.      Mobtown is the owner of federal trademark Registration No. 5101617 for the mark WILD KOMBUCHA, filed September 28, 2015 and registered on the Principal Register on December 13, 2016 in Class 30 for kombucha tea. The resulting registration claims actual use as of February 1, 2015, as the filing basis for the goods.

10. Good Omen's original application for its WILD TONIC mark, resulting in Registration No. 4842234, which covers goods including "probiotic drinks" predates both Mobtown's alleged first use date for its challenged WILD KOMBUCHA mark and the date Mobtown filed its federal application for that mark. Thus, Good Omen has priority over Mobtown's marks, and over its Registration No. 5101617.

11. Good Omen's later application for its WILD TONIC mark, resulting in Registration No. 4918257, which is for "kombucha tea-based beverages" predates both Mobtown's alleged first use date for its challenged WILD KOMBUCHA mark and the date Mobtown filed its federal application for that mark. Thus, Good Omen has priority over Mobtown's marks, and over its Registration No. 5101617.

12. Good Omen has been using the mark WILD TONIC consistently and pervasively in interstate commerce with the sale of kombucha since at least as early as May 2, 2015, and has sold such products in this District. Good Omen sells a wide variety of kombucha beverages in packaging such as the examples shown in the statement of use above, and in the further examples below.



13. The initial term in Good Omen's mark, WILD, is dominant and has been a focus in marketing to consumers. For example, Good Omen has secured a registration for the mark BEE WILD DRINK WILD (No. 5607571), and for the mark DRINK WILD (No. 5586564), which it also uses with kombucha. Good Omen further owns other WILD-based marks which are the subject of registrations or applications for use with kombucha beverages, including WILD TONIC JUN SPIRITS (No. 5219307), WILD LOVE (No. 5596608), WILD WEED (No. 88040935), WILD BUZZ (No. 88050451), and WILD JUN (No. 88247170).

14. The goods on which Good Omen uses its marks are identical or essentially identical to the goods on which Mobtown has registered and uses its marks in that the goods are kombucha beverages, which are also probiotic beverages.

15. The first portion of each party's mark, WILD, is not only dominant, it is emphasized by each party to make it more dominant. In Mobtown's case, it is presented in much larger font than the accompanying word KOMBUCHA, such as shown in the product labels below.

  

16. Mobtown's product branding presents the WILD term in much larger font than KOMBUCHA in other marketing materials as well, such as shown below.



17. Mobtown further emphasizes the term WILD in marketing literature, such as in its presentation of the company story which concludes with "Drink Local, Live Wild."

18. The term KOMBUCHA in Mobtown's registered mark WILD KOMBUCHA is descriptive or generic, and is disclaimed. Inevitably, consumers and Mobtown will place even greater emphasis on the dominant initial term WILD within the mark WILD KOMBUCHA because the second term is descriptive or generic. This is demonstrated by Mobtown in its use of the mark, such as shown above, which treats the term KOMBUCHA as if it is a descriptive subtitle and not part of the mark itself by placing it in smaller and different font as compared with the term WILD. Consumers encountering the mark WILD KOMBUCHA will not merely be predisposed to primarily remember the initial term WILD, but will believe that the mark actually is WILD, by itself, not the combined mark WILD KOMBUCHA.

19. Mobtown's mark is substantially similar to Good Omen's mark. WILD TONIC and WILD KOMBUCHA both have a similar cadence when spoken, and both have the identical prefix WILD. KOMUCHA is disclaimed and is literally the generic name for the goods themselves. Likewise, TONIC is disclaimed as a descriptive term for the goods. The dominant portions are identical, and the marks are similar in appearance, pronunciation, connotation and overall commercial impression.

20. Mobtown had knowledge of Good Omen's marks during the time it sought registration for the WILD TONIC mark. The USPTO issued an office action dated January 15, 2016 identifying Good Omen's second WILD TONIC application (No. 86685917) as being a prior

filed application which may be used as the basis of a refusal to register if Good Omen's cited application was ultimately registered.

21. The USPTO did not cite Good Omen's earlier WILD TONIC application, which by that time had already registered as 4842234. Mobtown admits that its kombucha is a probiotic beverage. In its July 15, 2016 response to the above January 15, 2016 office action, Mobtown referred to its goods as "the trendy probiotic drink 'KOMBUCHA'." By Mobtown's own admission, its goods are encompassed by Good Omen's earlier WILD TONIC registration.

22. In response to the USPTO office action indicating a likelihood of confusion between WILD TONIC and WILD KOMBUCHA, Mobtown argued that the WILD TONIC mark connoted a "medicinal" beverage because of the term "tonic." This argument was unsupported and could not be used as a basis to distinguish the marks, for several reasons. First, a tonic is not always a medicinal beverage, and more generally includes a wide range of carbonated and/or vitalizing beverages. The USPTO said as much in requiring Good Omen to disclaim the term TONIC in its own registrations. Because the USPTO had cited Good Omen's second application, serial number 86685917, Mobtown knew or should have known that the USPTO had taken the position that a tonic is a sweet drink containing carbonated water and flavoring, or imparting vitality and energy. To the extent a tonic is medicinal in some manner, it is suggestive or descriptive of the probiotic nature of kombucha itself, and thus cannot serve to create a commercial impression that is somehow different from kombucha. Indeed, Mobtown admits that kombucha is a probiotic beverage which provides health benefits. Ultimately, the initial term WILD is dominant in both WILD KOMBUCHA and WILD TONIC, each of which begins with WILD and ends with a disclaimed descriptive term, and consumers are likely to be confused by the similarity of the marks.

23. The goods for each party are the same or closely related. Mobtown has previously admitted that the goods are the same or closely related.

7477534 3 99690/000202 12/12/2019

24.     The goods of each party are sold in the same channels of trade. Mobtown has admitted that both parties sell their goods through the same channels of trade, including online, in supermarkets, and in health food stores.

25.     Mobtown's registration is unrestricted as to channels of trade and the manner of marketing, and therefore both parties have the same or overlapping channels of trade.

26.     Mobtown's substantially similar registered mark, for use with identical goods and in the same channels of trade, is likely to cause confusion, or to cause mistake, or to deceive as compared with Good Omen's registered WILD TONIC marks. Good Omen is therefore likely to be damaged by Mobtown's use of its WILD KOMBUCHA mark.

## TRADEMARK INFRINGEMENT

27.     Good Omen realleges the substance of each of the prior paragraphs.

28.     Mobtown has, without consent of Good Omen, used in commerce trademarks in a manner that is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114. Mobtown's WILD KOMBUCHA mark is confusingly similar to the Good Omen's WILD TONIC marks and is likely to cause confusion as to source or origin of the substantially similar services offered with the marks.

29.     Mobtown has further engaged in false designation of origin and unfair competition by knowingly and willfully creating an affiliation or connection between it and Good Omen in order to confuse and mislead the public as to the source of the related products and services, in violation of the Lanham Act, 15 U.S.C. § 1125.

30.     Good Omen is damaged by the above conduct of Mobtown, in an amount not presently determined.

31.     The conduct of Mobtown is causing and, unless enjoined and restrained by this Court, will continue to cause Good Omen irreparable injury that cannot fully be compensated or measured in money. Good Omen has no adequate remedy at law. Pursuant to 15 U.S.C. § 1116, Good Omen is entitled to injunctive relief prohibiting Mobtown from further infringing Good

Omen's trademarks and ordering that Mobtown destroy all copies of the Wild-based trademarks made in violation of Good Omen's trademark rights.

## REQUEST FOR RELIEF

Good Omen requests the following alternative and cumulative relief.

A. Preliminary and permanent injunctions against Mobtown and all officers, agents, affiliates, employees, representatives, and all persons in active concert or participation with them in any way, from use of the Wild Trademarks, or any other marks confusingly similar thereto, as a service mark, trademark, trade name, domain name or part thereof alone or in combination with other words, symbols, styles, titles or marks in connection with kombucha products, pursuant to 15 U.S.C. § 1116 and other applicable law.

B. An order that Mobtown deliver up for destruction all products, printed material, stationery, business forms, signs, advertisements, brochures, promotional material, manuals, pamphlets, labels, packages, containers, and all other materials bearing the Wild Trademarks, or any derivative, colorable imitation, or confusingly similar marks, together with all means for making or reproducing the same, pursuant to 15 U.S.C. § 1118 and other applicable law.

C. An order requiring Mobtown to file with this Court and serve on Good Omen within thirty days of service of an applicable order a report in writing under oath setting forth in detail the manner and form in which Mobtown has complied with the terms of the ordered relief.

D. An award of damages sufficient to compensate Good Omen for all injury sustained as a result of Mobtown's wrongful infringement, including wrongful profits of Mobtown, pursuant to 17 USC §504, 15 U.S.C. § 1117 and other applicable law.

E. Exemplary damages and all of Good Omen's litigation expenses, including reasonable attorneys' fees and costs, pursuant to applicable law.

F. An assessment of prejudgment interest and costs.

G. Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Good Omen requests a jury trial for all triable issues.

[SIGNATURE ON NEXT PAGE]

7477534 3 99690/000202 12/12/2019

Respectfully submitted,

Date:  December 12, 2019                    */s/  Robert A. Gaumont*
Robert A. Gaumont, Bar No. 26302
Ned T. Himmelrich, Bar No. 11407
Gordon Feinblatt LLC
233 E. Redwood Street
Baltimore, MD  21202
410-576-4007 – rgaumont@gfrlaw.com
410-576-4171 – nhimmelrich@gfrlaw.com
Fax:    410-576-4269

Of counsel:

*/s/  Lawrence D. Graham*
Lawrence D. Graham, Bar No. 40001
Lowe Graham Jones PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA  98104
206-381-3300 – Graham@LoweGrahamJones.com
Fax:    206-381-3301

*Attorneys for Good Omen Bottling, LLC*